## R. S. BECK, Etc., v. R. H. GALE, Etc.

Deed of Trust for Payment of Debts — Sale by Trustee — Grantor Must Join — Application of the Proceeds.

> Where the grantor in a deed of trust for the payment of debts joins with the trustee in a conveyance the title is vested in the purchaser unincumbered by the claim of creditors, and without responsibility on him or charge on the land for the application of the proceeds of the sale.

APPEAL FROM OWEN CIRCUIT COURT.

January 19, 1867.

OPINION OF THE COURT BY JUDGE HARDIN:

The deed of trust from R. H. Gale and wife to H. B. Gale is not copied in the record, but it is alleged in the petition to have been made on the 24th of September, 1862.

It appears on the face of the petition that H. B. Gale, as trustee with F. Brown, his security, executed bond payable to the grantors in the deed as required by the first section of the act approved March 2, 1860, entitled "An act requiring trustees, etc., to execute bond in certain cases." The bond is referred to in the petition and copied in the record. It bears date the 16th day of February, 1863.

By the second section of said act it is provided that any person injured by a breach of the covenant of the bond " Shall have remedy for the recovery of damages by appropriate action thereon in any court having jurisdiction thereof."

The twenty-fourth section of chapter 80 of the Revised Statutes (Stanton's ed., vol. 2), page 230, provides that,

> " No sale made of any property by a trustee, by virtue of a deed of trust or pledge to secure the payment of debts shall be valid, nor shall the conveyance by such trustee pass the title of the property specified in such deed or pledge, unless the sale thereof shall be in pursuance to a decree or order of a court, or the maker of such deed or pledge shall join in a writing evidencing the sale."

But, as appears both by the averments of the petition and the deed exhibited and copied in the record, said R. H. Gale and Mary C. Gale, his wife, the grantors in the deed of trust united with the trustee, H. B. Gale, in the sale of the tract of 113 acres of land (misdescribed as 350 acres), at the price of $4,520, and conveyed it to appellant on the 2d day of May, 1863.

It seems to us this sale and conveyance vested the title in the purchaser unincumbered by the claims of creditors, and without responsibility on him or charge on the land for the application of the proceeds of the sale, and, as the object of the petition was to compel a settlement of the trustee's accounts and a proper application of the funds in his hands for the relief of appellant from a supposed charge on the land or liability for the application of its proceeds, the demurrer to the petition was properly sustained.

Wherefore, the judgment is *affirmed*.